Justice Kennedy,
with whom The Chief Justice, Justice Scalia, and Justice Alito join, concurring in part and concurring in the judgment.
Although I have little difficulty concluding that the regulation at issue does not contravene the First Amendment, I do not agree with the principal opinion’s reliance on Ohralik v. Ohio State Bar Assn., 436 U. S. 447 (1978). Ohralik, as the *305 principal opinion notes, involved communications between attorney and client, or, more to the point, the in-person solicitation by an attorney of an accident victim as a potential client. Ohmlik was later extended to attorney solicitation of accident victims through direct mail, though the Court was closely divided as to the constitutionality of that extension. See Florida Bar v. Went For It, Inc., 515 U. S. 618 (1995). But the Court has declined to extend the Ohralik rule beyond the attorney-client relationship.
In Edenfield v. Fane, 507 U. S. 761 (1993), the Court struck down a ban on solicitation from accountants to potential clients. The Court there made clear that Ohmlik “did not hold that all personal solicitation is without First Amendment protection.” 507 U. S., at 765, 774. It further noted that “Ohralik’s holding was narrow and depended upon certain ‘unique features of in-person solicitation by lawyers’ that were present in the circumstances of that case.” Ibid. (quoting Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U. S. 626, 641 (1985)).
In my view it is both unnecessary and ill advised to rely upon Ohralik in the instant matter. By doing so, the principal opinion, at a minimum, is open to the implication that the speech at issue is subject to state regulation whether or not the school has entered a voluntary contract with a state-sponsored association in order to promote a code of conduct affecting solicitation. To allow freestanding state regulation of speech by coaches and other representatives of nonmember schools would be a dramatic expansion of Ohralik to a whole new field of endeavor. Yet by relying on Ohralik the principal opinion undermines the argument that, in the absence of Brentwood Academy’s consensual membership in the Tennessee Secondary School Athletic Association, the speech by the head coach would be entitled to First Amendment protection.
For these reasons I must decline to join Part II-A of the principal opinion and any other portion of Part II that sug *306 gests Ohralik is applicable here. It is evident, furthermore, that a majority of the Court agrees with this position. See post this page and 307 (Thomas, J., concurring in judgment). I do join the remainder of the Court’s opinion and the judgment that ensues.